# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD ROLLINS, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1147-EFM |
| | ) | |
| CARGILL, INC., et al., | ) | |
|         Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court has the following motions under consideration: (1) Motion for In Camera Inspection of Records (ECF No. 39); (2) Defendant Cargill Meat Solutions Corporation's (CMSC) Motion for Sanctions (ECF No. 44); (3) Plaintiff's Motion to File Under Seal Plaintiff's Response to Defendant Cargill Meat Solution's Motion for Sanctions (ECF No. 51); and (4) Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Sanctions (ECF No. 53). For the reasons that follow, the Court denies the motions of Plaintiff and the defense motion to strike. It grants in part and denies in part the motion for sanctions.

## I.     Nature of the Matter Before the Court

By his complaint Plaintiff alleges he was terminated from his employment with Defendant because of age discrimination and in retaliation for his complaints about alleged food safety violations.[1] During his employment Plaintiff took more than 5,300 documents that he did not return upon his termination.[2] He has kept them confidential, showing them only to his attorney and providing them to Defendants as initial disclosures in this case. Defendants have demanded that Plaintiff destroy or return the documents.

---

[1] *See* Pretrial Order § 2.

[2] For ease of reference, the Court will refer to these documents as "the documents" or "the 5,300 documents".

By his motion for inspection Plaintiff asks the Court to (1) order Defendants to designate which of the documents it considers to be confidential or trade secrets; (2) review the designated documents to determine whether they are confidential or trade secrets; (3) inspect the designated documents "to determine whether they are relevant, material, or reasonably calculated to lead to the discovery of evidence admissible at trial"; and (4) "enter appropriate orders for their retention, production, use at trial and post trial destruction."[3] On June 21, 2012, Defendant CMSC responded to the motion for inspection and moved for sanctions.[4] Eighteen days later, on July 9, 2012, Plaintiff moved to file under seal his response to the motion for sanctions and his reply to the response to his earlier motion for inspection..[5] Defendants then moved to strike his response/reply as untimely.[6] Plaintiff responded that the filing is timely.[7] The motions are fully briefed and ready for ruling.

## II. MOTION TO FILE UNDER SEAL AND MOTION TO STRIKE

Plaintiff seeks leave to file a response/reply under seal. Defendants move to strike the response/reply as untimely. The response/reply is untimely. Unless the Court orders otherwise, D. Kan. Rule 6.1(d) sets a fourteen-day period for filing a response to a non-dispositive motion and the same time period for filing a reply to a response. The Court has not extended that time period. Plaintiff did not file his motion for leave to file under seal before the fourteen-day period to file his response/reply expired. He argues Fed. R. Civ. P. 6(d) extends the fourteen-day period by three days;

---

[3] *See* Mot. Inspection ¶¶ 5-6.

[4] *See* Mot. for Sanctions at 1.

[5] *See* Mot. File Under Seal at 1.

[6] *See* Mot. Strike at 1.

[7] *See* Pl.'s Resp. Defs.' Reply to Pl.'s Resp. Opp'n Defs.' Mot. Sanctions (ECF 60) at 1-2.

thus making his filing timely.[8]  But the fourteen-day period includes "the additional 3-day period allowed under Fed. R. Civ. P. 6(d)."[9]  Defendant has filed a reply memorandum to the response. Given the untimeliness of the proposed filing, the Court denies Plaintiff leave to file it under seal. The Court otherwise denies the motion to strike as moot.

### III. MOTIONS FOR IN CAMERA INSPECTION AND FOR SANCTIONS

Plaintiff moves for in camera review of the documents he obtained during his employment. Defendant CMSC responded to that motion with its motion for sanctions.  Both motions in general address the same subject matter, i.e., what action if any the Court should take with regard to documents–over 5,300 in number–which Plaintiff took from Defendant CMSC without its permission during the course of his employment and before this law suit was filed.

The basic facts behind these motions are not in dispute.[10]  On August 10, 1994, Plaintiff signed a "Confidential Information and Invention Agreement."  He thereby agreed not to disclose any confidential or trade secret information of CMSC while employed or even after his employment ends.[11]  Through that Agreement he also agreed to return all confidential information and materials after his employment terminated.[12]  In 1996 or 1997 he obtained permission to take documents home as part of his duties on a safety committee.[13]  During the last year or so of his employment he also

---

[8] *See id.*

[9] *See* D. Kan. Rule 6.1(d).

[10] *Compare* Mot. Inspection (setting out basic facts) *with* Mot. Sanctions (setting out basic facts and including portions of a deposition transcript of Plaintiff).

[11] *See* Dep. Pl. at 69-70, attached as Ex. A to Mot. Sanctions.

[12] *See id.* at 70.

[13] *See id.* at 239-40.

took documents home for informational purposes and record keeping – some of which were designated as confidential or trade secrets.[14] Although he was not expressly permitted to take them home, they were relevant and necessary to his job duties, and no one told him he could not take them home.[15] He stated he did not know that he needed permission to take them home and that he wanted to preserve food safety issues he had raised at work.[16] After his termination no one asked him to return any documents, and he did not remember the instructions from his 1994 Agreement.[17]

Plaintiff admits the documents belong to Defendants. He says they have indeed been provided to Defendants; albeit his counsel has retained copies for use at trial. He contends the documents are relevant evidence to support his instant claim for employment discrimination. He asks for the privilege of retaining copies. He further asks that Defendants be ordered to designate which of the documents they consider to be confidential or trade secret. He proposes that the Court then conduct an in camera inspection to make a similar assessment of them and "determine whether they are relevant, material," or otherwise discoverable. Defendant CMSC by contrast asks the Court to order immediate return of both originals and copies of the documents. It also asks for sanctions against Plaintiff.

### A. Motion for In Camera Inspection

Plaintiff seeks in camera review of documents that he obtained during the course of his employment. He cites no rule in support of his motion. The Court knows of no rule or statute that

---

[14]*Id.* at 240-44.

[15]*Id.* at 241-42.

[16]*Id.* at 242-43.

[17]*Id.* at 243.

proposes for it to conduct the in camera review as Plaintiff proposes. He apparently addresses the discretion of the Court to resolve a dispute arising from a tortious conversion of personal property and not from any discovery procedure in this case. Defendant suggests that its own review of the documents to determine their relevancy, materiality, and discoverability would allow for a more productive use of judicial resources than an in camera inspection, as proposed by Plaintiff.

The Court agrees with Defendant that an in camera inspection of these 5,300 documents would be a poor use both of its time and its judicial function. When appropriate, the Court can and will conduct an in camera inspection of documents. In limited circumstances it may do so to determine the existence of privilege or work product, after the parties have asserted those characterizations. Similarly, a party may make an initial determination that its documents are confidential or trade secret. That more commonly leads to a protective order to restrict their use. It does not require some pro forma judicial determination as to the accuracy of the characterization. Nor does the Court generally conduct in camera inspections simply to determine if proffered documents will indeed be admissible evidence at trial. It will address those questions when the documents are offered at trial or when they have been identified as trial exhibits and are the subject of motions in limine.

In this instance Plaintiff does not ask the Court to examine documents to determine the applicability of privilege or work product. Nor does the Court find that Defendants have designated specifically any of the documents as confidential or otherwise subject to protection afforded by the protective order entered in this case. In the absence of appropriate authority to conduct the requested in camera inspection, the Court declines to undertake such inspection. It finds such an undertaking unnecessary to the resolution of these motions. A pretrial and wholesale review of documents to

determine their possible admissibility and use at trial is an undertaking for the parties and their counsel, rather than the Court, to pursue. The Court denies the motion for inspection.

### B. Motion for Sanctions

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Defendant CMSC moves for sanctions for Plaintiff's "failure to return documents he took from CMSC without permission."[18] It seeks an order to recover its property and sanction Plaintiff for his allegedly deceptive acts. Although it thus cites four rules of discovery, Defendant has not shown how any of them specifically relate to the alleged misconduct of Plaintiff. The parties agree that he took the documents prior to his termination of employment in January 2010, some sixteen months before this law suit was filed. They appear also to agree that Plaintiff has a duty to return the documents to Defendant. Consequently, the Court views his failure to be a tortious conversion of personal property, rather than a violation of discovery rules. The briefing suggests that Defendant indeed has considered if necessary a separate tort action against Plaintiff, perhaps for replevin and damages. That possibility, of course, does not resolve the current question of how the documents may be used in this litigation, if at all.

Inasmuch as the parties have submitted this question to the Court, it will address it as best it can to achieve a resolution as fair as possible to all of them. By its citation of cases, Defendant more appropriately suggests an inherent power for the Court to sanction a party. If Rules 26, 33, 34, and 36 do not specifically apply, the Court nevertheless looks more broadly to the Federal Rules of Civil Procedure. And Rule 1 does call upon it to construe and administer the rules ". . . to secure the just, speedy, and inexpensive determination of every action and proceeding."

---

[18] *See* Mot. Sanctions at 2.

The federal courts have the inherent power "to prevent abuses, oppression, and injustice."[19] This includes the power to sanction "to regulate its docket, promote judicial efficiency and deter frivolous filings."[20] Federal courts may also sanction litigants through their "inherent authority to ensure that parties abide by the Federal Rules of Civil Procedure, protect the integrity of the judicial system, and prevent abuse of the judicial process."[21] Through their inherent power, courts may sanction a party for misappropriating property or confidential information of an opposing party.[22] They may likewise decline to exercise their inherent authority to sanction when the conduct does not appear to warrant it.[23] Given "their very potency, inherent powers must be exercised with restraint and discretion."[24] Whether to impose sanctions under the Court's inherent power is within the sound discretion of the Court.[25] The party seeking sanctions has the burden to show that sanctions are warranted.[26] In determining whether conduct warrants sanctions, the courts consider "the totality of

---

[19]*Gumbel v. Pitkin,* 124 U.S. 131, 144 (1888).

[20]*RTC v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).

[21]*Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010).

[22]*See Jackson v. Microsoft Corp.,* 211 F.R.D. 423, 430-32 (W.D. Wash.2002), *aff'd* 78 Fed. App'x 588 (9th Cir.2003); *Fayemi v. Hambrecht and Quist, Inc.,* 174 F.R.D. 319, 323-25 (S.D.N.Y.1997); *Glynn v. EDO Corp.*, No. JFM-07-01660, 2010 WL 3294347, at *3 (D. Md. Aug. 20, 2010); *Ashman v. Solectron Corp.,* No. C 08-1430JF(HRL), 2008 WL 5071101, at *2 (N.D. Cal. Dec. 1, 2008).

[23]*See Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 427761, at *6 (D. Kan. July 25, 1996).

[24]*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).

[25]*See Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 914 (10th Cir. 2002).

[26]*See id.* (stating no disagreement with District Court on that matter).

the circumstances."[27]

Defendant CMSC seeks an order for Plaintiff to return all "documents he took from CMSC without permission" and to sanction him for his "self help" discovery.[28] It proposes that "[s]anctions may include dismissal of the action, restriction regarding the use of the documents at trial, disqualification of counsel, and/or monetary sanctions."[29]

Although the basic facts about acquisition of the documents are not in dispute, the parties characterize them differently. Defendant CMSC emphasizes the conduct of Plaintiff as wrongful and as discovery misconduct. It does not convince the Court, however, that his conduct is so egregious as Defendant suggests. Admittedly he took the documents during his employment, which terminated long before this law suit was filed. There is no suggestion he took them to facilitate this or any other legal action. The Court finds no contention that he has misused them to the detriment of Defendant or has shown them to anyone other than his attorney. Upon his termination Plaintiff did not return the documents, although he had a duty to do so by virtue of the agreement he had signed sixteen years earlier. His retention of them appears to be a continuing conversion by failure to timely return them to Defendant as their lawful owner. Counsel for Plaintiff asserts and CMSC does not dispute, however, that all the documents have been provided to it in the course of this litigation, notwithstanding her controversial retention of copies for use as evidence.

Both parties appear to agree that some, if not all, of the documents are confidential or contain trade secrets and are thus within the scope of the confidentiality agreement that Plaintiff had earlier

---

[27]*In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984); *accord Davis v. Miller*, 571 F.3d 1058, 1064 (10th Cir. 2009).

[28]Mot. Sanctions at 9.

[29]*See id.*

8

signed.  But the Court otherwise finds nothing specific as to which or how many of the documents fall within either category.  Was it 5,300 or simply a half-dozen or so?  Plaintiff proposes that CMSC be required to make that designation.  To support its own motion, Defendant could have done so, but there is no suggestion that it did.  It does not deny having been provided with all the documents.  It does assert that they include confidential information and trade secrets.  But it does not suggest that all the documents fall within those categories.  Whether or not they are either confidential or trade secret generally involves questions of fact, moreover, to be substantiated by affidavit, sworn testimony, or other satisfactory proof.  A mere suggestion in the brief seldom suffices.  The Court is left with the uncertainty as to the number.  It can note as a general proposition that employers sometimes can and do provide employees with documents that are neither confidential nor trade secrets and sometimes with the intent that they be distributed to family, friends, and others.

Plaintiff suggests that Defendant should have provided some of the documents either in response to discovery requests in this case or as part of its disclosures, pursuant to Fed. R. Civ. P. 26.  The Court agrees with Defendant that its duty to provide disclosures relates only to items it intends to use in support of its defense, not to those Plaintiff may use to prove his claim.  Defendant has not addressed its alleged failure, however, to provide documents in response to discovery requests.

Considering all the relevant circumstances, the Court finds that Defendant CMSC has carried its burden to show that some sanction is warranted.  Accordingly, it will exercise its inherent power to direct that Plaintiff re-deliver to Defendant all the documents in question, approximately or slightly more than 5,300 in all.  It will authorize counsel for Plaintiff, however, to retain copies only of those documents that he intends to offer into evidence and to provide to Defendants a list of them.

CMSC relies on various cases from other jurisdictions to support its request for sanctions. But the totality of the circumstances distinguish this case from those cases in material respects. The acquisition of the documents here appears to have occurred during the ordinary course of employment, before any litigation had commenced. There is no allegation that Plaintiff rifled through files or documents that were outside the scope of his employment. Although some of the documents may be trade secrets or other confidential information, there is no allegation that he took any document protected by a privilege or as work product. CMSC, furthermore, provides no detail about the confidentiality of the documents to accurately gauge the need to maintain their confidentiality. There is no suggestion, moreover, that Plaintiff has misused the documents by revealing them to competitors or the general public. He instead held the documents in confidence – only showing them to his attorney in this case and then disclosing them to Defendants in his initial disclosures. That disclosure as well as Plaintiff's testimony on deposition does not show an individual who is acting with deception or an improper motive. Finally, CMSC does not allege that it has been harmed in any way by the conduct of Plaintiff in taking the documents. Plaintiff also asserts, and CMSC does not controvert the suggestion, that the documents he took are relevant to his claims and discoverable. Nor does it oppose the suggestion that they should have been produced to Plaintiff in response to whatever requests for discovery he may have served. Under these facts the Court does not find that additional sanctions are appropriate.

Defendant suggests Plaintiff should seek production of relevant documents through legitimate discovery, as provided by the Federal Rules of Civil Procedure, and not be allowed to retain the benefits of "self-help" discovery. As a general proposition, the Court agrees. As already noted, however, the Court finds no adequate, detailed explanation as to why such discovery has not led to

such production in this case. Now discovery has closed. The Court must determine as a matter of ultimate fairness, therefore, whether justice for both parties is better served by a ruling that would permit Plaintiff to benefit from his own conversion of Defendant's personalty or by a contrary finding that would effectively immunize all 5,300 documents from further use in this case, even if some of them may be admissible evidence upon an issue of alleged discrimination in employment. To create that kind of immunity could lead to resolving this case upon these collateral matters, not upon the merits. And it could accord to the Defendant a benefit beyond the repair of any damage it has shown by the misconduct of Plaintiff. Fed. R. Civ. P. 1 leads the Court to find a more equitable solution.

The parties agree that Plaintiff should return all documents to CMSC, apparently pursuant to his signed agreement. They disagree as to whether his counsel may retain copies or otherwise have access to them without seeking them through conventional discovery procedures. Because the parties appear to agree that Plaintiff should return the documents, the Court will direct Plaintiff to return to Defendant all original documents within twenty days of the date of this Memorandum and Order. But within that time he shall also identify to CMSC and retain copies only of any documents he intends to use as evidence in this case. Defendants may designate any of the documents that are either confidential or trade secret and subject to the Protective Order entered in this case. By its rulings the Court does not purport to determine any issue that may arise between the parties in the event Defendants or either of them files any separate action for conversion.

### IV.   CONCLUSION

For reasons thus stated, the Court denies the Motion for In Camera Inspection of Records (ECF No. 39). It grants in part and denies in part Defendant Cargill Meat Solutions Corporation's

Motion for Sanctions (ECF No. 44), as herein set forth.  It denies Plaintiff's Motion to File Under Seal Plaintiff's Response to Defendant Cargill Meat Solution's Motion for Sanctions (ECF No. 51 and Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Sanctions (ECF No. 53).

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 24th day of August, 2012.**

<u>S/Gerald L. Rushfelt</u>
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**