# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD ROLLINS,

    *Plaintiff,*

v.

CARGILL, INC., and CARGILL MEAT SOLUTIONS CORP.,

    *Defendants.*

Case No. 11-1147-EFM

## MEMORANDUM AND ORDER

Plaintiff Ronald Rollins brought suit against his employer for wrongful termination in violation of Title VII of the Civil Rights Act[1] and the Age Discrimination in Employment Act ("ADEA").[2] Defendants Cargill, Inc., and Cargill Meat Solutions Corp. ask the Court to grant summary judgment for failure to prove a claim under Title VII or a causal connection between Rollins's age and termination. Because Rollins is not a member of a class protected under Title VII and because no reasonable jury could find from the evidence that Rollins was terminated due to his age, the Court grants Defendants' motion for summary judgment.

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

## I. Factual Background[3]

Plaintiff Ronald Rollins was employed by Defendant Cargill Meat Solutions Corporation ("CMSC") from August 10, 1994, until his termination on January 18, 2010. At the time he was hired, Rollins signed a Confidential Information and Invention Agreement, in which Rollins agreed that, upon his termination, Rollins would return all confidential information and materials arising from his employment.

On October 2, 2007, Rollins received a written warning for a "Behavior/Conduct Infraction" from his manager, Jim Jandrain (age 63). Rollins contends that he received this warning for performing required safety-check duties. On October 16, 2007, Jandrain verbally counseled Rollins about his behavior towards a co-worker. Jandrain provided negative remarks during Rollins's 2007 annual performance review; Rollins contends that this critique centered on Rollins's attitude. On July 3, 2008, Rollins received a Final Written Warning for "Behavior/Conduct Infraction." On July 9, 2008, Rollins was verbally counseled for cutting a piece of meat in the lunch room without a safety glove.

On December 11, 2008, Rollins's supervisor, Jessica Jensen, observed Rollins leaving a training session regarding dry ice without signing the training sheet. Rollins contends that he refused to sign the sheet because the training session was supposed to last four hours, but that time was cut in half and the instructor allegedly provided the class with answers for the test over the material that was not covered. The following day, Rollins was suspended with pay pending an investigation of his failure to sign the training sheet. On January 15, 2009, Rollins signed a

---

[3] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, related in the light most favorable to the nonmovant, Rollins. Furthermore, it appears that Rollins's responses to Cargill's factual statements are numbered incorrectly. *See* Resp. to Mot. for Summary Judgment, Doc. 76, at 5 (showing two consecutive paragraphs labeled with a "1"). The Court has attempted to align the response with the appropriate factual assertion.

"Last Chance Agreement," that informed Rollins that any future behavioral issues could result in his termination.

On January 5, 2010, Jensen assigned Rollins to a Performance Improvement Plan ("PIP") that required Rollins to elevate his performance to an acceptable level by improving his attitude and behavior towards his team members and accepting work assignments. On January 7, 2010, Rollins failed to leave the building when a fire alarm sounded. Rollins contends that he was not the only employee to stay inside, that he knew there was no fire, and that it was cold outside and he was soaking wet. CMSC's policy requires employees to evacuate the building upon the sounding of a fire alarm, but Rollins alleges that even management-level staff reentered the building while the alarm was sounding. CMSC investigated the fire alarm incident and Rollins was terminated on January 18, 2010.

Rollins filed suit on May 27, 2011, alleging that he was unlawfully fired on the basis of his age and in retaliation for his insistence on following food safety regulations. During the course of discovery, CMSC learned that Plaintiff took company documents labeled "confidential" during the course of his employment for his own personal reasons. CMSC asserts that Rollins should have been terminated for removing those documents. CMSC now requests summary judgment on Rollins's claims, alleging that Rollins failed to make a prima facie case of age discrimination and that Rollins has no cause of action for retaliatory discharge under Title VII. Rollins does not contest summary judgment on his ADEA claims or CMSC's request to remove Cargill, Inc., from the suit because CMSC is Rollins's sole employer and not Cargill, Inc.

## II. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[4] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[5] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[6] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[7] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[8] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[9]

### B. Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act prohibits an employer from treating a particular person less favorably than others on the basis of race, color, religion, sex, or national origin.[10] On summary judgment, the parties' burdens of proof are subject to the tripartite *McDonnell Douglas*

---

[4] Fed. R. Civ. P. 56(c).

[5] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[8] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[9] *LifeWise Master Funding*, 374 F.3d at 927.

[10] 42 U.S.C. § 2000e-2(a).

framework.[11] First, the plaintiff carries the initial burden of establishing a prima facie case of racial discrimination.[12] To make a prima facie case of retaliation, the plaintiff must prove the following: (1) that he engaged in protected opposition to unlawful discrimination, (2) that the plaintiff suffered materially adverse employment consequences, and (3) that a causal connection existed between the protected activity and the materially adverse action.[13]

If the plaintiff meets the initial burden of proof, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for its actions.[14] If the defendant presents such a reason, the burden returns to the plaintiff who must show that the defendant's stated reason is a pretext for discriminatory intent.[15] To show pretext, the plaintiff "must produce evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons."[16]

### III. Analysis

CMSC requests summary judgment on Rollins's claims that he was wrongfully terminated on the basis of his age and as an act of retaliation for taking protected action. Rollins does not contest CMSC's motion for summary judgment as to the ADEA claim. Rollins does,

---

[11] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1972).

[12] *Adamson v. Multi Community Diversified Servs., Inc.*, 541 F.3d 1136, 1145 (10th Cir. 2008).

[13] *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011).

[14] *McDonnell Douglas*, 411 U.S. at 802–03.

[15] *See Elmore*, 58 F.3d at 530.

[16] *Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1228 (10th Cir. 2008) (quotation omitted).

however, contend that Rollins's "termination for failing to obey a fire drill rule was trumped up as an excuse to retaliate against him for continuing to insist that the food safety regulations be followed both as outlined by the USDA and the HACPP plan regulations."[17]

Although never explicitly stated in his pleadings, the case law Rollins cites makes clear that he is bringing his retaliation claim under Title VII of the Civil Rights Act. Rollins claims he made a prima facie case of retaliation, but does not specifically identify the protected activity that he engaged in. Furthermore, "a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim."[18] Rollins claims that his termination was retaliation for his insistence that CMCS abide by certain regulations. Assuming *arguendo* that the fire alarm incident was a pretextual reason for terminating Rollins's employment, and CMCS was in fact motivated to terminate Rollins because they were frustrated with him, frustration is not a category protected by Title VII.[19] Rollins presents no evidence that he was terminated due to his race, religion, sex, or national origin. Rollins has therefore failed to state a claim for retaliation under Title VII, and summary judgment is appropriate on all claims.

---

[17] Resp. to Mot. for Summary Judgment, Doc. 76, at 19.

[18] *Anderson v. Academy Sch. Dist. 20*, 122 Fed. App'x 912, 916 (10th Cir. 2004).

[19] *See* 42 U.S.C. § 2000e-2(a) (protecting employees from adverse employment actions motivated by race, religion, sex, and national origin).

**IT IS ACCORDINGLY ORDERED** this 26th day of August, 2013, that Defendants' Motion for Summary Judgment (Doc. 49) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE